# THE DALLAS AND WICHITA RAILROAD CO. v. HANNAH T. SPICKER ET AL.

### SUPREME COURT OF TEXAS, AUSTIN TERM, 1884.

*Evidence—Burden of Proof.*—The burden of proof is upon the person who, as a cause of action or defense, alleges and affirms active matter.

*Same—Negligence.*—In an action for injuries caused by failure of duty on part of defendant, when the failure and injury are shown by the plaintiff, and there is nothing that implies that he brought on the injury by his own negligence, then the burden is on the defendant to prove that the plaintiff was guilty of such negligence.

*Case Approved.*—T. & P. R'y. Co. v. Murphy, 46 Texas, 360.

*Husband and Wife.*—So long as the marital relation exists, though the husband may have left the wife with no intention to return or contribute to her support, it not being shown that the wife has forfeited her right thereto by her own wrong, she is entitled to support from her husband.

*Parent and Child.*—The right of a parent to recover for injuries resulting from the death of a child who has reached majority, depends upon the will and ability of such child to confer benefit on the parent.

Appeal from Dallas county.

Leake & Henry, for appellant.

R. E. Cowart & Sawnie Robertson, for appellees.

Complaint is made that the court below instructed the jury "that the burden of proving that Henry Spicker knew of the defective construction and unsafe condition of the bridge is on the defendant."

The defendant, in its answer alleged that the defects in its bridge from which resulted the injury to Henry Spicker were known to him, and such knowledge, coupled with his passing over the bridge, was made the grounds of the defense of contributory negligence on the part of the injured person on account of whose death this suit is brought by his wife and mother.

The ordinary rule which places the burden of proof upon the person who, as a cause of action, or defense, alleges and affirms active matter, would seem to be applicable to cases of this character as to others. It would seem that a plaintiff would be entitled in every

case of this character, to recover upon evidence which clearly makes a *prima facie* case, unless such case be rebutted by testimony offered by himself, or by the defendent.

In the case before us, the evidence clearly shows that Henry Spicker received the injury from which he died, in consequence of the fact that the appellant had erected on, and as a part of its road, a bridge, over which it was intended its trains should pass, which was within the knowledge of the chief engineer of the company and other of its officers and agents, so negligently and defectively constructed as to be unfit and unsafe for the use intended. The injury of which the appellees complain resulted from these defects and this, no further, or exculpatory facts appearing, entitled the plaintiffs on this branch of this case to recover.

There is some apparent conflict of authority on this question, it is, however, believed to be more apparent than real, and we have now no disposition to review the cases which are supposed to hold that it is necessary, not only for a plaintiff to prove that the injury of which he complains resulted from the negligence of the defendant, but that he must also prove that he, himself, was in the exercise of due care.

We believe the true rule to be that thus stated by an elementary writer: "No doubt where, in an action for injuries caused by failure of duty on part of defendant, the failure of duty and the injury are shown by the plaintiff, and there is nothing that implies that he brought on the injury by his own negligence, then the burden is on the defendant to prove that the plaintiff was guilty of such negligence. On the other hand, when the plaintiff's own case exposes him to suspicion of negligence, then he must clear off such suspicion." (Wharton on Negligence, 426).

There is no fact in proof in this case which tends to show contributory negligence by the deceased. That employes of the railway company may have known of the defective construction of the bridge by reason of their having assisted in its construction, or that the employer of the deceased may have known of the defects, or that persons working for the railroad in its employment, may have known of the defects in the bridge, is not evidence of the fact that the deceased, who was not in the employment of the railroad company, had any such notice. If such knowledge existed, it should have

been shown by the defendant, by such proof as would be admissible for such a purpose.

We believe the correct rule as to the burden of proof, to be as stated in considering the sufficiency of the petition in T. & P. R'y. Co. v. Murphy, (46 Texas, 360).

It is urged that the judgment in favor of the wife of the deceased for $5000 is excessive, and that the court erred in refusing to give the following charge asked by the defendant: "If the jury believe from the evidence, that a year or more, before Henry Spicker's death, he left his wife, and after that he had no further communication with her; and further believe from the evidence, that he had abandoned her for good, and that at the time of his death, she had no reasonable expectation of deriving any aid, or advantage, from the continuance of said Henry Spicker's life; then, and in that event, so far as the plaintiff Hannah Spicker is concerned, the jury should either find for the defendant, or only allow her, the said Hannah, nominal damages."

The deceased was thirty-one years old at the time of his death, was sober and industrious and of good physical constitution for some time before he received the injury; but there is evidence tending to show that at some former period he may have been intemperate in his habits, from which some estrangement may have arisen between him and his wife. He was a druggist by profession, although at the time of his death, engaged in other business under contract with those persons who had undertaken to grade the road and thereon lay the rails for the appellant's company, and for his services therein he was receiving $2.50 per day. We are not prepared to say that the judgment, under the facts, is excessive.

The amount of damages to which the appellees were entitled was for the jury to determine, and under the facts in proof, there is nothing to indicate that the verdict was not the result of a conscientious and honest investigation of the case under all its facts. The charge given fairly submitted the question of damages to the jury.

If the charge asked and refused, in any case, where a suit is brought by a wife for injuries resulting from the death of a husband, would be correct, it may well be doubted if the evidence in this case would have justified such a charge.

The charge, however, was erroneous. Henry Spicker may have

left his wife for a year or more before his death, and after leaving her, may have had no further communication with her, and may have intended never to return to her, or contribute to her support, yet, so long as the marital relation existed, without reference to the will of the husband, the wife not being shown to have forfeited her right thereto by her own wrong, she was entitled to a decent support, in accordance with their situation in life, from her husband.

The marital relation created this right, and it would have continued to exist so long as the relationship continued; and so, without reference to the will of the husband. There is no legal presumption that such relation would ever have been dissolved prior to the time when one of the parties thereto, in the ordinary course of events, would have died. The wrong of the appellant terminated the relationship, by the causing the death of the husband prior to the time, when in the ordinary course of events, he would have died, and thereby deprived the wife of that pecuniary support and benefit which the law would have entitled her to from her husband, so long as they remained husband and wife.

In a suit by a parent for injuries resulting from the death of a minor child, in so far as the claim might be based on the services of the child before majority, the will of the child to render its services to the parent, or to permit the parent to have the proceeds of its labor, would be an unimportant inquiry for the law gives the parent the right to both, hence, an inquiry as to the probability that the child during minority would have remained in the service of the parent, or would have permitted the parent to have the proceeds of its labor rendered in the service of others, would be likewise unimportant and irrelevant, unless it was shown that the child had in some way been emancipated by the parent.

The same rule would not apply where no legal right to benefit existed; as in case of a suit by a parent for an injury to a child after majority which resulted in death. In such a case it would be proper to show the reasonable expectation of benefit which the parent would have received, had the child not been killed, and in the absence of legal right to benefit, prior to the death of the child, this would depend on the will and ability of the child to confer benefit on the parent. In such a case, evidence throwing light on those

matters would be proper, and should be considered by a jury under a proper instruction.

In this case evidence was introduced to enable the jury to ascertain the ability of the deceased, had he lived, to contribute pecuniary aid to his wife and to his mother, and the fact that the damage given to the mother is very small, furnishes no ground of complaint to the appellant; it not appearing that the judgment in favor of the wife is excessive.

There is no error in the judgment for which it should be reversed, and it is affirmed. Stayton, J.